UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUSAN G.,

                Plaintiff,

       v.                             **DECISION AND ORDER**
                                                      20-CV-830S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

        1.        Plaintiff Susan G.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that she has been disabled since April 1, 2016, due to various mental and physical conditions.  Plaintiff maintains that she is entitled to disability benefits because her impairments render her unable to work.

        2.        Plaintiff filed applications for disability benefits and supplemental security income in May 2016.  After denial at the agency level, Plaintiff proceeded to a hearing before an ALJ, which took place before ALJ Jonathan P. Baird via videoconference on February 4, 2019.  At the time of the hearing, Plaintiff was 58 years old, with at least a high school education, and past relevant work as a cleaner/housekeeper, grocery store cashier, and childcare provider.  The ALJ considered the case *de novo* and, on May 3, 2019, issued a written decision denying Plaintiff's applications for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on May 12, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

3. Plaintiff filed the current action on July 3, 2020, challenging the Commissioner's final decision.[2] After filing of the administrative record, Plaintiff moved for summary judgment[3] and the Commissioner moved for judgment on the pleadings, with briefing concluded on April 11, 2021. (Docket Nos. 8, 9, 10, 12.) The Clerk of Court assigned the case here on April 5, 2021, at which time this Court took the motions under advisement without oral argument. (Docket No. 11.) For the following reasons, Plaintiff's motion will be granted, Defendant's motion will be denied, and this matter will be remanded to the Commissioner for further proceedings.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. §§ 405 (g), 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial

---

[2] The ALJ's May 3, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[3] Plaintiff moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, but did not comply with the filing requirements of Local Rule 56. See Local Rule 56 (a) of the Local Rules of Civil Procedure for the Western District of New York (requiring a separate statement of undisputed facts). This Court therefore construes Plaintiff's motion as one for judgment on the pleadings under Rule 12 (c).

evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence.").  In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).  Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

   6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations."  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, CV 19-5075 (GRB), 2021 WL 235630, at *7 (E.D.N.Y. Jan. 25, 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of

4

Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

      9.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

      10.    The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the

5

>fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.    The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.    In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since April 1, 2016, the alleged onset date (R. at 37);[4] (2) Plaintiff's liver disease (cirrhosis), major depressive disorder, post-traumatic stress disorder, and anxiety are severe impairments within the meaning of the Act (R. at 37); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 37-39); (4) Plaintiff retained the residual

---

[4] Citations to the underlying administrative record are designated as "R."

6

functional capacity ("RFC") to perform a range of medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), but with certain limitations[5] (R. at 39-41); (5) Plaintiff could perform her past relevant work as a cleaner and other jobs that exist in significant number in the national economy (R. at 41-42).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from April 1, 2016, through May 3, 2019.  (R. at 43.)

13.    Plaintiff mounts several challenges to the ALJ's decision, one of which requires remand.  Plaintiff argues that the ALJ erred at Steps 4 and 5 when he found that she could perform her past relevant work as a cleaner and three other jobs described by the vocational expert.  Each of those jobs, however, requires the ability to carry out detailed instructions, which the ALJ specifically found in his RFC determination that Plaintiff cannot do. (R. at 39.)  Relying on lengthy block quotes discussing distinguishable cases, see Memorandum of Law, Docket No. 10-1, pp. 8-10, the government maintains that there is no inconsistency in the ALJ's conclusions.

14.    The jobs at issue are listed in the Dictionary of Occupational Titles ("DOT") as follows: cleaner/housekeeper (DOT 381.687-018); packager (DOT 920.587-018); assembler (DOT 806.684-010); and warehouse worker (DOT 922.687-058).  (R. at 41-42.)  The DOT job descriptions include General Education Development ("GED") ratings between 1 and 6 that pertain to reasoning, mathematical, and language development abilities necessary for the given job.  See Appendix C-Components of the Definitional

---

[5] The ALJ found that Plaintiff retained the RFC for a range of medium work with the following limitations: only simple, routine, and repetitive tasks; no detailed instructions; low stress job, defined as occasional decision-making and occasional changes in the work setting; no production or pace work; and only occasional interaction with co-workers and the public.  (R. at 39.)

Taler, Dictionary of Occupational Titles, 1991 WL 688702 (4th ed. 1991). These ratings "describe the general educational background that makes an individual suitable for a particular job," Vandermark v. Colvin, No. 3:13-cv-1467 (GLS/ESH), 2015 WL 1097391, at *9 n. 19 (N.D.N.Y. Mar. 11, 2015), and "gauge[ ] the minimal ability a worker needs to complete the job's tasks themselves," Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D.Cal. 2005).

15.  The ALJ found that Plaintiff was limited to jobs with "no detailed instructions." (R. at 39.) But each of the four jobs that the ALJ found Plaintiff could perform at Steps 4 and 5 have a GED rating of Level 2 on the reasoning scale,[6] which requires the ability to, *inter alia*, carry out detailed instructions. See Appendix C-Components of the Definition Trailer, Dictionary of Occupational Titles, 1991 WL 688702 (4th ed. 1991) (defining Level 2 reasoning as including the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.").

16.  As is apparent, the ALJ's Steps 4 and 5 findings are inconsistent with his RFC determination. The ALJ never asked the vocational expert about the GED levels for the four jobs at issue, and no explanation is provided for how the Plaintiff, who is limited to work with "no detailed instructions," can perform the work identified in Steps 4 and 5, which require the ability to carry out detailed instructions. Neither the ALJ nor the vocational expert ever addressed the GED ratings of the jobs at issue, despite the ALJ including a limitation of no detailed instructions in his hypothetical questions (R. at 71-74). See Lockwood v. Comm'r of Soc. Sec., 914 F.3d 87, 91-93 (2d Cir. 2019) (requiring

---

[6] See Dictionary of Occupational Titles 381.687-018 (cleaner), 920.587-018 (packager), 806.684-010 (assembler), 922.687-058 (warehouse worker) (available at https://occupationalinfo.org).

an ALJ to resolve apparent conflicts between a vocational expert's testimony and the DOT). With no explanation for these unresolved, diametrically opposed conclusions, this Court finds that the ALJ's decision is not supported by substantial evidence at Step 4, and that the Commissioner failed to carry his burden at Step 5. Remand is therefore required. See Santos v. Astrue, 709 F. Supp. 2d 207, 212 (S.D.N.Y. 2010) (remanding on the basis that limitation to "simple instructions" was inconsistent with GED reasoning Level 2 jobs).

17.  Accordingly, after carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further administrative proceedings consistent with this decision. Because remand is required for the reasons articulated above, this Court need not reach Plaintiff's other points of error, see Memorandum of Law, Docket No. 9-1, pp. 6-10, which can be further explored and considered on remand.

IT HEREBY IS ORDERED, that Plaintiff's motion (Docket No. 9) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:    May 13, 2021
          Buffalo, New York

                                                           s/William M. Skretny
                                                        WILLIAM M. SKRETNY
                                                        United States District Judge